## BEESON *vs.* WILEY, BANKS & CO.

[TRIAL OF RIGHT OF PROPERTY IN SLAVE.]

1. *Insolvency of defendant in execution, when admissible evidence, and how proved.*—On a trial of the right of property in a slave, where the claimant derives title under a conveyance from the defendant in execution, which is attacked on the ground of fraud, the plaintiff may show that, at the time of the execution of the conveyance, the defendant in execution was insolvent; and evidence of notes outstanding against him at that time, and of a judgment rendered on one of such notes, is admissible as tending to prove the fact of insolvency.

2. *Error without injury in rendering judgment for costs against surety on claim bond.*—The rendition of a joint judgment for costs against the claimant and his surety on the claim bond, even if erroneous, is not prejudicial to the claimant, and for that reason is not available on error.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. EDMUND W. PETTUS.

This was a trial of the right of property in a slave, between the appellees, plaintiffs in execution against Vestal Beeson and another, and Clayton G. Beeson, the appellant, who was the brother of said Vestal, as claimant. On the trial, as appears from the bill of exceptions, the claimant offered evidence tending to show that, several months before the plaintiffs' execution was levied, he purchased said slave from said Vestal Beeson, and paid full value for him; and that the plaintiffs then introduced evidence to impeach said sale on the ground of fraud. "For the purpose of showing that said Vestal Beeson was insolvent at the time of said sale to claimant, the plaintiffs offered in evidence the original papers, judgment entry, and notes, (on which the suit was instituted,) in the case of said Wiley, Banks & Co. against said Lewis & Beeson, after proving by the clerk that said case had never been recorded; also, the execution of said notes, and that said Vestal Beeson was a member of said firm of Lewis & Beeson; also, the execution of a promissory note by said Lewis & Beeson, whilst partners, to Courtney & Tennent, and offered said note in evidence. To the introduction of said original papers, judgment entry and notes, and also of said note to Courtney & Tennent, the claimant objected; but the court overruled his objection, and he excepted."

The admission of this evidence, and the rendition of a joint judgment for costs against the claimant and his surety on the claim bond, are now assigned as error,

D. C. Humphreys, and Robinson & Jones, for appellant.
Louis Wyeth and J. W. Shepherd, contra.

WALKER, J.—On a trial of the right of property, in which is involved the question of fraud in a conveyance by the defendant in execution to the claimant, the plaintiffs may show that the defendant, at the time of the conveyance, was insolvent. Proof of notes outstanding at the time of the conveyance, and of a judgment rendered on one of such notes, would be admissible evidence, as tending to prove the insolvency.

The claimant, in a trial of the right of property, is not injured by the fact that a joint judgment for costs is rendered

against himself and his surety on the bond.   If such judg-
ment for costs be erroneous, it is not prejudicial to the claim-
ant, and he cannot be heard to complain of it.

The judgment of the court below is affirmed.